(58 South. 566.)

No. 18,914.

MERCHANTS' & FARMERS' BANK v. LILLIE LUMBER CO., Limited, et al.

(May 6, 1912.)

*(Syllabus by Editorial Staff.)*

1. FRAUDULENT CONVEYANCES (§ 239*) — REVOCATORY ACTION—RIGHT TO MAINTAIN.
   A revocatory action cannot be maintained as to property which has been seized and sold

130 LA.—25

at the suit of plaintiff therein, and bought by a third person.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. §§ 681–683; Dec. Dig. § 239.*]

2. EXECUTION (§ 287*) — SALE — RECOURSE— WARRANTORS OF TITLE.
   Under Code Prac. arts. 711, 713, providing that, where the purchaser at a judicial sale is evicted, on the ground that the thing sold did not belong to the debtor in execution, he shall have recourse against the seizing creditor and the seized debtor, but, where he is evicted on the hypothecary action of a creditor who had a mortgage on the property, he shall have recourse only against the seized debtor, a creditor of a mortgagor, who ignored the mortgage as void, and who caused the mortgaged property to be seized and sold under a judgment against the mortgagor, has no interest as warrantor of title of the purchaser at the judicial sale under the judgment, as against the claims of the mortgagee suing to foreclose the mortgage.

[Ed. Note.—For other cases, see Execution, Cent. Dig. § 822; Dec. Dig. § 287.*]

Appeal from Fourth Judicial District Court, Parish of Union; Robert B. Dawkins, Judge.

Action by the Merchants' & Farmers' Bank against the Lillie Lumber Company, Limited, and another to enforce a mortgage, in which Thompson, Ritchie & Co., creditors of the lumber company, intervened. From a judgment granting insufficient relief to plaintiff, it appeals. Affirmed in part and reversed in part, and intervention dismissed.

H. E. Dawkins and J. B. Holstead, for appellant. J. Burrough Crow and Clifton Mathews, for appellees.

PROVOSTY, J. The defendant company and F. B. Farrar, the former owning a sawmill, and the latter the land upon which it stood, joined in an act of mortgage to the plaintiff bank upon the mill and the land. The present suit is in foreclosure of that mortgage. The defendant company and Farrar made no defense, and judgment went against them by default. Thompson, Ritchie & Co., creditors of the defendant company, intervened.

They allege that, inasmuch as the sawmill was located upon land not belonging to the owner of it, it was movable property, not susceptible of mortgage; and that, therefore, the said mortgage upon the mill was null and void; that theretofore, ignoring said null and void mortgage, they had caused said mill to be seized and sold under a judgment against the defendant company, and had realized from said sale all of their debt, except $1,500; that this balance was still due; that said mortgage was given in fraud of creditors, and should be set aside, in so far as affecting their rights; that, as warrantors of the title of the purchaser at the said judicial sale, they had an interest in the present intervention. They prayed that the said mortgage, in so far as bearing upon the mill, be decreed null and void; and that it be annulled as in fraud of creditors, in so far as affecting their rights.

[1, 2] To this intervention, the plaintiff interposed an exception of no cause of action, based, in so far as the interveners' revocatory action is concerned, upon the proposition that the revocatory action cannot be maintained as to property which has already been seized and sold at the suit of the plaintiff in the revocatory action, and bought by a third person; and based, in so far as the inherent nullity of the mortgage is concerned, upon the proposition that, the mortgaged property not belonging to the interveners nor to their debtor, they are without pecuniary interest in the premises.

These are self-evident propositions. The contention that the interveners have an interest, as warrantors of the title acquired by the purchaser at the judicial sale theretofore made under their judgment, is in direct opposition to articles 711 and 713 of the Code of Practice, which provide that if the purchaser at a judicial sale is evicted, for the reason that the thing sold did not belong to the debtor in execution, he shall have recourse against both the seizing creditor and the seized debtor; but that if he is evicted on the hypothecary action of a creditor, who had a mortgage upon the property, he shall have recourse only against the seized debtor, and not against the seizing creditor.

The judgment appealed from is affirmed, in so far as it is against defendants, and it is set aside, in so far as it is in favor of the interveners; and the intervention is dismissed; the interveners to pay the costs of the lower court pertaining to the intervention, and also those of the appeal.